No.___3078___

this opinion holds:

1. That real estate may not constitute all or any portion of the capital stock of a casualty insurance company at the time of its incorporation.

2. That no portion of the capital stock of a casualty insurance company may be invested in real estate at any time after the incorporation of the company.

3. That all or any portion of the funds of a stock casualty insurance company, over and above its capital stock may be used for the purchase of a building at least ample and adequate for the transaction of the business of the casualty insurance company, which building may be used in whole or in part for the accommodation of such casualty insurance company in the transaction of its business.

---

OFFICE OF THE ATTORNEY GENERAL

Hon. Walter C. Woodward, Chairman
Board of Insurance Commissioner
Austin, Texas

Dear Sir:

            Opinion No. O-958
            Re: Insurance - Capital stock of casualty
                insurance company - Surplus - Invest-
                ments - Real estate.

        Your request for opinion upon the following questions

        "1. May real estate constitute all or any portion of the capital stock of a casualty insurance company at the time of its incorporation?

        "2. In the event that the first question is answered in the negative may all or any part of the capital stock of a casualty insurance company to be invested in real estate at any time after the incorporation of the company?

        "3. May any part of the funds of a stock casualty company over and above its capital stock be invested in real estate?"

has been received by this department.

        The Regular Session of the Forty-sixth Legislature passed House Bill No. 928, which is an act amending Article 4705, Article 4706 and Article 4993, as amended, and repealing Article 5006, as amended, of the Revised Civil Statutes of Texas, 1925. Said House Bill No. 928,

supra, reads as follows:

"AN ACT amending Article 4705, Article 4706, and Article 4993 as amended, and repealing Article 5006 as amended, of the Revised Civil Statutes of Texas of 1925, designating the funds and securities of which the capital stock of insurance companies incorporated under the provisions of Title 78, Chapter 2 of the Revised Civil Statutes of Texas, shall consist, designating the securities in which funds of such companies may be invested; providing certain limitations on the amount of capital stock of general casualty companies and requiring deposits to be made by such companies; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Article 4705, Article 4706, and Article 4993, as amended, of the Revised Civil Statutes of Texas of 1925, be and the same are hereby amended, so as to hereafter read as follows:

"Article 4705. Items of Capital Stock. The capital stock of any such insurance company, except any writing Life, Health and Accident Insurance, shall consist:

"1. In lawful money of the United States; or

"2. In bonds of this State of any county or incorporated town or city thereof, or in the stock of any national bank; or

"3. In first mortgages upon unincumbered real estate in this State, the title to which is valid, and the market value of which is not less than forty (40) per cent more than the amount loaned thereon. If any part of the value of such real estate is in buildings, such buildings shall be insured against loss by fire for not less than sixty (60) per cent of the value thereof, with loss clause payable to such company. Provided, that the provisions of this Article, with respect to the value of real estate, compared to the amount loaned thereon, shall not apply to loans secured by real estate which are insured by the Federal Housing Administrator.

"Article 4706. Investment of Funds. No company, except any writing Life, Health and Accident Insurance, organized under the provisions of this Chapter shall invest its funds over and above its paid-up capital stock in any other manner than as follows:

"(a) In bonds of the United States or of any of the States of the United States provided such bonds, are, at the time of purchase,

interest-bearing or not in default.

"(b) In bonds or first liens on unincumbered real estate in this State or in any other State, country, or province in which such company may be duly licensed to conduct an insurance business, and providing in each instance such real estate shall be worth at least forty (40) per cent more than the amount loaned thereon. The value of such real estate shall be determined by a valuation made under oath by two (2) freeholders of the county where the real estate is located, and if the buildings are considered a part of the value of the real estate, they must be insured against loss by fire for not less than sixty (60) per cent of the value thereof, with loss-payable clause to such company.

"(c) In bonds or other interest-bearing evidence of indebtedness of any county, incorporated city, town, or school or sanitary or navigation district, such navigation district to contain a population of not less than three hundred and fifty-nine thousand (359,000) according to the last preceding Federal Census, in this or any other State in which said company may be duly licensed to conduct an insurance business, if such evidences of indebtedness are issued by authority of law and if interest upon them has never been defaulted.

"(d) In the stocks or bonds or other evidences of indebtedness of any solvent dividend-paying corporation incorporated under the laws of this State, or of the United States, or of any State, country, or province in which such company may be duly licensed to conduct an insurance business.

"(e) In loans upon the pledge of any mortgage, stock, or bonds, or other evidence of indebtedness, acceptable as investments under the terms of this law if the current value of such mortgage, stock, bonds, or other evidence of indebtedness is at least twenty-five (25) per cent more than the amount loaned thereon.

"(f) That the restrictions contained in Subsection (b) hereof that such real estate shall be worth not less than forty (40) per cent of the amount loaned thereon, and that the value of such real estate shall be determined by a valuation made under oath by two (2) freeholders of the county where the real estate is located and if buildings are considered as a part of the value of such real estate they must be insured for the benefit of the mortgagee, shall not apply to loans secured by real estate in Texas which are insured by the Federal Housing Administrator.

"(g) In interest-bearing notes or bonds of

the University of Texas issued under and by virtue of Chapter 40, Acts of the Forty-third Legislature, Second Called Session.

"Article 4993. Capital and Deposits. Only companies organized and doing business under the provisions of this Chapter shall be subject to its provisions. Such company shall have not less than One Hundred Thousand ($100,000) Dollars of capital stock subscribed, paid in, in cash, with an additional Fifty Thousand Dollars ($50,000) of capital stock subscribed and fully paid in, in cash, for every kind of insurance more than one which it is authorized to transact. Such companies with Two Hundred Thousand ($200,000) Dollars of capital stock subscribed and fully paid in, in cash, shall be authorized to transact all and every kind of insurance specified in the first Article of this Chapter; all of the United States, or of this State, or of any county or municipality of this State, or in notes or bonds secured by mortgage or trust deed insured by the Federal Housing Administrator, or in bonds or first liens upon unincumbered real estate in this State, or in any other State in which such company may previously have been licensed to conduct an insurance business. In either instance, such real estate shall be worth not less than forty (40) per cent more than the amount loaned thereon. If any part of the value of such real estate is in buildings, such buildings shall be insured against loss by fire for not less than sixty (60) per cent of the value thereof, with loss-payable clause to the company. The value of such real estate shall be determined by a sworn valuation made by two freeholders of the county where the real estate is situated. Provided that such restriction shall not apply to mortgages insured by the Federal Housing Administrator. Upon such company furnishing evidence satisfactory to the Commissioner that the capital stock as herein prescribed has been all subscribed and paid up in cash in good faith, and that such capital stock has been invested as herein prescribed, and upon the deposit of the sum of Fifty Thousand ($50,000) Dollars of such securities or in cash with the State Treasurer, then said Commissioner shall issue to said company a certificate authorizing it to do business. No part of the capital paid in shall be loaned to any officer of said company. In the event any such company shall be required by the law of any other State, country, or province as a requirement prior to doing an insurance business therein to deposit with the duly appointed officer of such other State, country, or province, or with the State Treasurer of this State, any securities or cash in excess of the said deposit of Fifty Thousand ($50,000) Dollars hereinbefore mentioned, such company, at its discretion, may deposit with the State Treasurer securities of the character authorized by this law, or cash sufficient to enable it

to meet such requirements. The State Treasurer is hereby authorized and directed to receive such deposit and to hold it exclusively for the protection of all policyholders of the company. Any deposits so made to meet the requirements of any other State, country, or province shall not be withdrawn by the company except upon filing with the Commissioner evidence satisfactory to him that the company has withdrawn from business, and has no unsecured liabilities outstanding in any such other State, country, or province by which such additional deposit was required, and upon the filing of such evidence the company may withdraw such additional deposit at any time.

"Sec. 2. Article 5006. This Article is hereby expressly repealed."

Article 5007, Revised Civil Statutes of Texas, reads as follows:

"No such company shall be permitted to purchase, hold or convey real estate, except for the purpose and in the manner herein set forth:

"1. For the erection and maintenance of buildings at least ample and adequate for the transaction of tis own business.

"2. Such as shall have been mortgaged to it in good faith for money due.

"3. Such as shall have been conveyed to it in the satisfaction of debts previously contracted in the course of its dealings and which must be taken in by the company on account of the debt secured by such mortgage.

"4. Such as shall have been purchased at sales upon judgments, decrees or mortgages obtained or made for such debts. No company incorporated as aforesaid shall purchase, hold or convey real estate in any other cases or for any other purpose."

Article 5008, Revised Civil Statutes of Texas, reads as follows:

"All real estate so acquired, except as is occupied by buildings used in whole or in part for the accommodation of such companies in the transaction of its business, shall, except as hereinafter provided, be sold and disposed of within ten years after such company shall have acquired title to the same. No such company shall have such real estate for a longer period than that above mentioned, unless the said company shall procure a certificate from the Commissioner that the interests of the company will suffer materially by a forced sale of such real estate, in which event the time for the sale may be extended to such time as the Commissioner shall direct in said certificate."

We have been informed by the Board of Insurance Commissioners of Texas that all casualty insurance companies now operating in Texas were created under the provisions of what is now Chapter 18, Title 78 of the Revised Civil Statutes of Texas. Therefore, we answer your questions, insofar as they apply to casualty insurance companies organized under Chapter 18, Title 78 of the Revised Civil Statutes of Texas, as it would serve no practical purpose to discuss any question which might arise with reference to a casualty company which might have been organized under Chapter 2 of Title 78 of the Revised Civil Statutes of Texas.

The language of the caption of House Bill No. 928 of the Forty-sixth Legislature specifically limits the application of amended Articles 4705 and 4706 of the Revised Civil Statutes, to casualty companies and other named insurance companies created under Chapter 2, Title 78, Revised Civil Statutes of Texas. The caption also shows an intention to limit the application of amended Article 4993 to casualty insurance companies created under Chapter 18, Title 78, Revised Civil Statutes of Texas. These articles applied, respectively, to said companies prior to the passage of House Bill No. 928, supra, and this bill shows no intention to change the types of companies which each control.

We, therefore, conclude that Articles 4705 and 4706 of the Revised Civil Statutes of Texas, do not apply to casualty insurance companies organized under Chapter 18, Title 78 of the Revised Civil Statutes of Texas.

Article 4993, Revised Civil Statutes, as amended by said House Bill No. 928, relates to and controls casualty insurance companies created under the provision of what is now Chapter 18, Title 78 of the Revised Civil Statutes of Texas. This article prescribed the type of security in which the capital stock of such casualty insurance companies may be invested. The outright purchase of real estate is not included in the list of approved securities. In our opinion, this statute is a continuing limitation upon the power to invest capital stock and prohibits the investment of such funds in any other assets than those named therein, not only at the time of incorporation, but at all times thereafter.

We, therefore, answer your first and second questions as applied to casualty insurance companies created under Title 78, Chapter 18, of the Revised Civil Statutes of Texas in the negative.

Prior to its repeal by the last session of the Legislature through said House Bill No. 928, Article 5006, Revised Civil Statutes, 1925, prescribed the manner of investments over and above the capital stock of a casualty insurance company created under the provisions of Chapter 18, Title 78, Revised Civil Statutes of Texas. The effect of the repeal of this article is to remove the limitation placed upon the investment of all funds of such companies, except the capital stock, and leave the discretion of making such investment in

the hands of the Board of Directors of the corporation subject to the limitations of Articles 5007 and 5008, Revised Civil Statutes of Texas.

In answer to your third question, you are respectfully advised that it is the opinion of this department, that all or a portion of the funds of a stock casualty insurance company, over and above its capital stock, may be used for the erection and maintenance of a building at least ample and adequate for the transaction of the business of the casualty insurance company. Such buildings must be used in whole or in part for the accommodation of such company in the transaction of the business of the company.

You are further respectfully advised that it is the opinion of this department that a casualty insurance company is permitted under the law and under Article 5007 of the Revised Civil Statutes of Texas, to acquire and hold real estate under Sections 2, 3 and 4 of Article 5007, but that under Article 5008, Revised Civil Statutes of Texas, all real estate so acquired, except as is occupied by the building used in whole or in part for the accommodation of such company in the transaction of the business of the company, should be sold and disposed of within 10 years after such company should have acquired title to the same, unless the company should secure a certificate from the Commissioner that the interest of the company would suffer materially by a forced sale of such real estate, in which event, time for the sale might be extended to such time as the Commissioner should direct in said petition.

Trusting that this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Victor W. Bouldin_
Victor W. Bouldin
Assistant

WmJF:ob

This opinion has been considered in conference, approved and ordered recorded.

_Gerald C. Mann_

GERALD C. MANN
Attorney General of Texas